# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TAMERA A. JONES,

    Plaintiff,

v.                  CIV 01-66 KBM/JHG – ACE

WAL-MART STORES, INC.,

    Defendants.

# **MEMORANDUM OPINION AND ORDER**

    In her three-count First Amended Complaint For Racial Discrimination, Breach of Contract And Other Relief *(Doc. 2)*, Plaintiff Tamera Jones seeks compensatory and punitive damages for: Count I - racial discrimination under 42 U.S.C. § 1981; Count II - hostile work environment, discriminatory treatment based on race and in retaliation under Title VII; and Count III - breach of employment contract under New Mexico law. Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. This matter is before the Court on Wal-Mart's Motion For Summary Judgment. *Doc. 50.* Having carefully reviewed the parties' submissions and relevant authorities I find the motion well-taken in part.

    Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Court must "view the evidence and draw any inferences in a

light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence" that would justify sending the case to a jury. *Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986)). Indeed, summary judgment

> is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." . . . Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

In Counts I and II, Plaintiff contends that she was subjected to a hostile work environment either on the basis of race or in retaliation for reporting perceived discriminatory conduct. I find, however, that the comments upon which Plaintiff relies, the investigation of complaints about Plaintiff from an anonymous source, and the response to those complaints are insufficient as a matter of law to create a hostile work environment. On the whole, the experience may have been unpleasant to Plaintiff, but it was not objectively sufficiently severe or pervasive harassment. *E.g., McCowan v. All Star Maintenance, Inc.,* 273 F.3d 917, 923 (10th Cir. 2001); *Turnbull v. Topeka State Hosp.,* 255 F.3d 1238, 1243 (10th Cir. 2001), *petition for cert. filed,* 70 USLW 3361 (11/8/01); *O'Shea v. Yellow Technology Servs., Inc.,* 185 F.3d 1093, 1098 (10th Cir. 1999).

In Count II, Plaintiff further contends that Defendant took adverse employment actions against her in violation of Title VII. "Although this circuit liberally defines 'adverse employment action,' it still must be done on a case-by-case basis after 'examining the unique factors relevant

2

to the situation at hand.'" *Aquilino v. University of Kansas,* 268 F.3d 930, 934 (10th Cir. 2001), quoting *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 532 (10th Cir.1998). Plaintiff suffered no loss in pay or benefits. Her work schedule changes cannot be characterized as anything other than inconvenient. The only employment actions that could qualify as adverse are related to Plaintiff's "demotion" – taking away her title as "head" customer service manager ("CSM") and scheduling responsibilities. *E.g., Dunn v. Nordstrom, Inc.,* 260 F.3d 778, 786 (7th Cir. 2001). The other actions of which she complains are not adverse. *E.g., Heno v. Sprint/United Management Co.,* 208 F.3d 847, 857 (10th Cir. 2000); *Sanchez v. Denver Public Schools,* 164 F.3d 527, 532 (10th Cir. 1998).

This case presents a close call, and I am hesitant to find as a matter of law that Plaintiff suffered no adverse employment action. Plaintiff has presented evidence that Defendant's actions resulted in her receiving "a less distinguished title" and "significantly diminished material responsibilities." *See Crady v. Liberty National Bank & Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir.1993). Defendant admits that it stripped Plaintiff of her long-held title as "head" CSM and withdrew from her scheduling responsibilities, which Defendant concedes to be managerial in character.

Defendant proffers that "head" CSM positions had been eliminated nationwide and that only managerial positions were authorized to perform the scheduling duties. Evidence submitted by both Plaintiff and Defendant could, however, indicate that this legitimate business reason is pretextual. Thus, it will be for the jury to decide whether Plaintiff suffered a material adverse employment action.

Plaintiff presents, however, no direct or circumstantial evidence that Defendant "demoted"

3

her on the basis of her race. Even construing the store manager's comments about Plaintiff's car, clothing, and calling her "negrita," the comments insufficient to raise an issue of fact as to racial animus and motivation for any adverse employment actions under Section 1981 or Title VII. *See Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132, 1136-37 (10th Cir.), *cert. denied,* 531 U.S. 876 (2000); *Perry v. Woodward,* 199 F.3d 1126, 1134-1135 (10th Cir. 1999), *cert. denied,* 529 U.S. 1110 (2000); *Shorter v. ICG Holdings, Inc.,* 188 F.3d 1204, 1207-08 (10th Cir. 1999).

Nevertheless, I find that Plaintiff has produced sufficient circumstantial evidence at this stage to submit the retaliation claim to the jury. The chronology of events suggests the alleged adverse action took place shortly after (within two months) of Plaintiff lodging complaints of discrimination. Although the temporal proximity alone will not suffice, temporal proximity along with Plaintiff's other evidence of pretext can suffice. *E.g., Pastran v. K-Mart Corp.,* 210 F.3d 1201, 1205-07 (10th Cir. 2000). Thus, I will deny summary judgment on Plaintiff's Title VII retaliation claim.

Finally, the state law breach of contract claim fails because Plaintiff was not terminated. Even the decision on which Plaintiff relies arose in the termination context. *Mealand v. Eastern New Mexico Medical Center,* 130 N.M. 871, 33 P.3d 285 (N.M. App. 2001). As for Defendant's motion to dismiss any claim for recovery of punitive damages, however, I find that Plaintiff has produced sufficient evidence to survive the motion. At this time, I cannot say that a reasonable jury could not conclude that Wal-Mart retaliated against Plaintiff "in the face of a perceived risk that its actions [would] . . . violate federal law. . . ." *See Kolstad v. American Dental Association,* 527 U.S. 526 (1999). This ruling is subject to reconsideration at trial, however.

Wherefore,

4

**IT IS HEREBY ORDERED** that Counts I and III of the First Amended Complaint are DISMISSED and the hostile work environment and race theories of recovery under Title VII are likewise DISMISSED.

**IT IS FURTHER ORDERED** that the matter will proceed to trial solely on Plaintiff's Title VII retaliation claim contained in Count II.

_____
UNITED STATES MAGISTRATE JUDGE