**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TAMERA A. JONES,

        Plaintiff,

v.                                       CIV 01-66 KBM/JHG – ACE

WAL-MART STORES, INC.,

        Defendants.

# <u>MEMORANDUM OPINION AND ORDER</u>

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. At trial on the sole remaining Title VII claim for retaliation, the jury awarded Plaintiff compensatory damages of $15,250 and $800,000 in punitive damages. In accordance with what I believed to be the dictates of 42 U.S.C. § 1981a, I entered judgment for the compensatory damages and reduced the punitive damages award to $300,000.

This matter is now before the Court on Wal-Mart's Motion For Judgment as a Matter of Law or, in the Alternative, Motion for New Trial and/or Remittitur *(Doc. 115)*. Having carefully reviewed the parties' submissions and relevant authorities, I find that I have previously addressed, either in memoranda opinions or on the record at trial, all but one of the issues raised by Wal-Mart in the present motion. Those arguments remain the same, as does my rationale for rejecting Defendant's positions on those points. Wal-Mart relies on two cases for the proposition that Plaintiff's withdrawal of a claim for lost promotional opportunities *"**fatal**"* to the finding of an

adverse employment action on her retaliation claim. *Reply Brief* at 1 (emphasis in original). I have carefully reviewed the cited cases – *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390 (10th Cir. 1997) and *Sanchez v. Denver Public Schools*, 164 F.3d 527 (10th Cir.1998) – and have been unable to locate some of the quoted language upon which Defendant relies. I am further unconvinced that theses cases usurp the jury's ability to reasonably determine that Plaintiff was subjected to an adverse employment action.

I also reject Defendant's contention the jury's punitive damage award was excessive. In addressing the *Kolstad* two-prong analysis for whether an employer has protected itself from liability, Wal-Mart relied heavily on its "open door policy" as a means of assuring compliance with federal discrimination laws. Apparently the jury viewed the open door as leading only to an empty corridor with no way out. Wal-Mart is one of the biggest, if not **_the_** biggest, corporations in the United States. The jury may have reasonably concluded that a lesser punitive damage award would be merely a blip on the radar and not serve its deterrence purpose.

However, I agree with Defendant that the judgment must be further reduced pursuant to statute. Defendant contends that Plaintiff's total recovery, including both the compensatory and punitive damages awards, is limited by statute to $300,000. Indeed, a Title VII award is limited by 42 U.S.C. § 1981a in that "[t]he sum of the amount of compensatory damages . . . and the amount of punitive damages awarded under this section [ ] shall not exceed, for each complaining party . . . in the case of a respondent who has more than 500 employees . . . $300,000." 42 U.S.C. § 1981a(b)(3)(D); *see also Baty v. Willamette Indus.*, 172 F.3d 1232, 1242-43 (10th Cir.1999). Compensatory damages include those for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary

losses." *Id.*

In a similar context, the Tenth Circuit has upheld a district court that first awarded the compensatory damages and then reduced the punitives so that the sum would equal the employer's maximum exposure as set forth in § 1981a. *See Deters v. Equifax Credit Information Services, Inc.*, 202 F.3d 1262, 1266 (10th Cir. 2000). Accordingly, an amended judgment shall be entered in this case.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's Motion For Judgment as a Matter of Law or, in the Alternative, Motion for New Trial and/or Remittitur *(Doc. 115)* be GRANTED IN PART insofar as the entire judgment amount shall be reduced to $300,000; in all other respects, the motion is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE